## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MARIO KAHN**,

1849 Lighthouse Ct.,
Weston, FL 33327-1326

        Plaintiff,

v.

**NICHOLAS COLUCCI**, as Chief of the
Immigrant Investor Program Office, U.S.
Citizenship and Immigration Services, in his
official capacity; **JULIA HARRISON**, as Deputy
Chief of the Immigrant Investor Program Office,
U.S. Citizenship and Immigration Services, in her
official capacity,

Immigrant Investor Program
U.S. Citizenship and Immigration Services
131 M Street NE
Washington, DC 20529

**LEÓN RODRÍGUEZ**, Director, U.S. Citizenship
and Immigration Services, in his official capacity,

Immigrant Investor Program
U.S. Citizenship and Immigration Services
20 Massachusetts Ave NW
Washington, DC 20529

**JEH CHARLES JOHNSON**, Secretary, U.S.
Department of Homeland Security, in his official
capacity,

U.S. Department of Homeland Security
245 Murray Lane, Bldg. 410
Washington, DC 20528

        Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

1

## PRELIMINARY STATEMENT

This action is brought to remedy the unlawful, unreasonable, arbitrary and capricious delay by the U.S. Citizenship and Immigration Services ("USCIS" or "the agency") in adjudicating the Form I-526, "Immigrant Petition by Alien Entrepreneur" ("Form I-526 Petition"), filed by Plaintiff Mario Kahn over two years ago.  Mr. Kahn's Form I-526 Petition meets all the requirements for approval.  The agency's continuing and inexcusable delay in acting on Mr. Kahn's Form I-526 Petition is contrary to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. § 1361.

The continued delay in adjudicating Mr. Kahn's petition is causing him and his family significant harm.  Moreover, the agency's delay is depriving the United States of the talent and drive of an immigrant investor and entrepreneur who is precisely the sort of individual Congress contemplated making a positive economic impact in America when it created the EB-5 immigrant investor program.

Accordingly, Mr. Kahn, by and through undersigned counsel, respectfully requests that this Court issue an order—pursuant to the APA and the Mandamus Act—directing Defendants to adjudicate Mr. Kahn's Form I-526 Petition within 15 days.

## PARTIES AND JURISDICTION

1.      Plaintiff Mario Kahn is a citizen of Mexico.  He lawfully entered this country on an E-1 "Treaty Trader" visa in 2007.  Other than a brief stay in Mexico when his E-1 visa was not timely renewed due to USCIS' processing delays, Mr. Kahn has lived in the United States lawfully and continuously since that time.

2.      Defendant Nicholas Colucci is the Director of the Immigrant Investor Program Office ("IPO"), U.S. Citizenship and Immigration Services ("USCIS"), and is named in his official capacity.  The IPO is located in Washington, D.C.  The IPO is the division within USCIS responsible for approving Form I-526 Petitions for EB-5 visas.  As Director of the IPO, Defendant Colucci presumptively oversees the entire EB-5 Program.

3.      Defendant Julia Harrison is the Deputy Director of the IPO, and is named in her official capacity.  As Deputy Director of the IPO, Defendant Harrison presumptively oversees the entire EB-5 Program.

4.      Defendant Leon Rodriguez is the Director, U.S. Citizenship and Immigration Services, and is named in his official capacity.  USCIS is headquartered in Washington, D.C.  As Director of USCIS, Defendant Rodriguez oversees all of the agency's operating divisions, including the IPO.  *See* 8 U.S.C. § 1103; 6 U.S.C. § 271(b).

5.      Defendant Jeh Charles Johnson is the Secretary, U.S. Department of Homeland Security, and is named in his official capacity.  The Department of Homeland Security is headquartered in Washington, D.C, and has oversight of USCIS, which is an agency under the Department's umbrella.  *See* 8 U.S.C. § 1103.

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("INA") and its implementing regulations.  This Court may grant relief pursuant to 5 U.S.C. § 555(b) and § 701 et seq. (APA), 28 U.S.C. § 1361 (Mandamus Act) and 28 U.S.C. § 2201 (Declaratory Judgment Act).  There is no jurisdictional bar to review under 8 U.S.C. § 1252(a)(2)(B)(ii) because (1) the provision does not preclude

review of an agency's failure to act; and (2) USCIS has a non-discretionary duty to adjudicate Form I-526 Petitions and issue EB-5 visas to applicants who meet the criteria for approval.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendants Colucci, Harrison, Rodriguez and Johnson are officers of the United States sued in their official capacity who work in the District of Columbia.  In addition, upon information and belief, the agencies' delay in adjudicating Plaintiff's Form I-526 Petition occurred in this District, where the USCIS IPO is located.

## LEGAL AND FACTUAL BACKGROUND

### I.      The EB-5 Program

8.      Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like Mr. Kahn.  Under the applicable laws and regulations, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture.  *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).

9.      As part of the EB-5 Program, Congress also created (and has regularly renewed) the Immigrant Investor Pilot Program, now called the Immigrant Investor Program.  This subset of the EB-5 program permits a putative EB-5 investor to invest the requisite capital through a USCIS-approved "regional center."  A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each center may contain one or more new commercial enterprises under its umbrella.  8 C.F.R. § 204.6(e), (m)(3).

10.     To apply for an EB-5 visa, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been

committed and is actually at risk; that the investment is made from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. 8 C.F.R. § 204.6(j). For an investment through an approved regional center, the petition must be accompanied by evidence that the requisite investment will create ten full-time positions either directly or indirectly for no fewer than 10 individuals. *Id.* § 204.6(j)(4)(iii).

11.     Once an investor's Form I-526 Petition is approved, a foreign investor residing within the United States submits a Form I-485 to adjust status to that of a conditional lawful permanent resident. *See* 8 U.S.C. § 1186b(a)(1); 8 C.F.R. § 245.1(h). His or her spouse may do the same. Before the end of the two-year conditional period, the foreign investor must file a Form I-829, "Petition by Entrepreneur to Remove Conditions." Through this form, the investor must demonstrate that the investment created or can be expected to create, within a reasonable time, the requisite number of jobs. If the Form I-829 Petition is approved, the investor (and spouse, if applicable) is granted the status of a lawful permanent resident. *See* 8 U.S.C. § 1186b(c)-(e); 8 C.F.R. § 216.6.

12.     Separate and apart from the individual investor's Form I-526 Petition, a regional center may also seek approval of an "exemplar" Form I-526 for a given investment project within that regional center. Approval of the exemplar means that, when an individual investor associated with the particular project submits a Form I-526 application, USCIS will give deference to the regional center's estimates of actual job creation and economic analysis, the business plan, and the organizational documents, offering memorandum, and investment agreements. Approval of an exemplar is accomplished via a Form I-924, "Application for Regional Center Under the Immigrant Investor Pilot Program" ("Form I-924 Application").

## II.    Mr. Kahn Enters the United States to Engage in Trade

13.    Plaintiff Kahn is an experienced businessman specializing in sales, entrepreneurship, management and marketing.  He is fluent in English and Spanish.

14.    In 1998, he received a Bachelor's degree in marketing and advertising from the Universidad de la Comunicación, S.C. in Mexico City, Mexico.  After graduation, he joined Telecable, one of the top five cable companies in Mexico, where he was the Head of Marketing and Promotion.  After his stint with Telecable, he was assigned to manage a cable channel at PCTV S.A. de C.V., one of the key TV production companies in Mexico.

15.    In 2004, Mr. Kahn started a company in Mexico called Xtreme Planet S.A. de C.V., which markets and sells products for extreme sports enthusiasts through its website and a number of retail stores in Mexico.   Mr. Kahn remains the owner and manager of the company. Since its inception, Mr. Kahn's company has purchased millions of dollars in goods from U.S.-based companies.

16.    In February 2007, Mr. Kahn lawfully entered the United States with his wife, Valerie Sultan, on an E-1 "Treaty Trader" visa.  This nonimmigrant visa category allows an individual like Mr. Kahn to enter the United States in order to carry out international trade between the United States and certain "treaty countries," including Mexico.  *See* 8 C.F.R. § 214.2(e)(1).  This visa category also permits the spouse of a E-1 visa holder to enter the United States for the same duration.  *See id.* § 214.2(2)(4).  At the time, the E-1 visa provided for a five-year term and unlimited renewals.

17.    Mr. Kahn and Ms. Sultan settled in San Diego, California, and while there had two children, both of whom are U.S. citizens because they were born in San Diego.

18.     Mr. Kahn and Ms. Sultan first renewed their E-1 visas in February 2012, for a period of one year (as provided for in the then-applicable regulations).

19.     In 2013, Mr. Kahn and Ms. Sultan timely sought to renew their E-1 visas for another year.  Despite their diligence, USCIS delayed acting on their application for a one-year renewal for nearly 150 days.

20.     Due to the delays in visa processing, Mr. Kahn and his entire family, including their young children, briefly returned to Mexico in summer of 2013.

### III.     Mr. Kahn Applies for an EB-5 Visa

21.     Mr. Kahn and his family sought to return to and remain in the United States and to continue to develop business and trade here.  As such, Mr. Kahn explored the option of becoming an immigrant investor under the EB-5 Program.

22.     On or about May 24, 2014, Mr. Kahn submitted his Form I-526 Petition along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk; that the investment was made from the Mr. Kahn's own lawfully acquired funds; and that, through the regional center, there existed a comprehensive business plan showing that at least ten full-time jobs would be created by Mr. Kahn's investment.

23.     In conjunction with the petition, Mr. Kahn invested $500,000 in a new commercial enterprise, Carinthia Group 2, L.P., a Vermont limited partnership.  The limited partnership is an investment project under the auspices of the Vermont EB-5 Regional Center, a USCIS-approved regional center.

24.     The limited partnership plans to use the investment of Mr. Kahn and others to facilitate the expansion of the Mount Snow Resort in West Dover, Vermont ("Mount Snow Project").  Mount Snow Resort has been a successful resort destination and economic engine in

southern Vermont for over sixty years.  According to economic forecasting of the project's impact, the new commercial enterprise (and one additional limited partnership) would create more than 1,200 jobs throughout the U.S. economy, based on an investment of $500,000 each from 104 individual investors, in addition to capital provided by the owners of Mount Snow. This figure easily satisfies the job creation requirement on a per-investor basis.

25.     In October 2014, the Vermont EB-5 Regional Center submitted an exemplar Form I-526 related to the Mount Snow Project.  The application provided the same comprehensive evidence demonstrating that upon completion, the Mount Snow Project would create greater than 1,200 jobs from the funds of the 104 investors.

**IV.     Mr. Kahn and his Family Return to the United States**

26.     Returning to Mexico was a significant hardship for Mr. Kahn and his family.  His children are U.S. citizens who had, up until this point, attended exclusively U.S. schools and had never lived in Mexico before.  Mr. Kahn's efforts at increasing trade with companies in the United States as part of his ongoing business was also made significantly more difficult.

27.     Mr. Kahn therefore returned to the United States with an E-1 Treaty Trader visa in June 2014, shortly after he submitted his Form I-526 Petition seeking an EB-5 visa.  Mr. Kahn and his family returned to the United States in June 2014 and settled in the Miami, Florida area. In Florida, Mr. Kahn continued his efforts to promote business and trade between the U.S. and his Mexican retail business.

**V.     USCIS Unreasonably Delays Acting on Mr. Kahn's Form I-526 Petition**

28.     Despite Mr. Kahn's comprehensive and detailed Form I-526 Petition—filed in *May 2014*—USCIS has unreasonably delayed in approving it, or indeed, taking any action at all.

29.     In June 2015, more than one year after the Form I-526 Petition was filed, counsel for Mr. Kahn inquired as to the status of Mr. Kahn's Petition.  USCIS responded only that the Petition was "currently assigned to a USCIS Officer."

30.     In July 2015, counsel for Mr. Kahn again inquired as to the status of the Petition. USCIS responded that his Petition "is currently pending with the Immigrant Investor Program Office."

31.     In October 2015, counsel for Mr. Kahn again inquired as to the status of Mr. Kahn's Petition, and sought a more detailed response from the agency than had been received previously.  USCIS again responded only that his Petition "is currently pending with the Immigrant Investor Program Office."

32.     In December 2015, Mr. Kahn filed additional evidence in support of his Petition. USCIS had requested this evidence during its review of the Vermont Regional Center Form I-924 Application for the same Mount Snow Projects.  Accordingly, and without prompting from the agency, Mr. Kahn submitted this evidence as part of his Petition.  This evidence provided further detail as to why all the requirements for an EB-5 visa had been met—not just in December 2015, but in May 2014 when Mr. Kahn's Petition was first submitted.

33.     In February 2016, Mr. Kahn wrote to U.S. Senator Bill Nelson, asking for his assistance in determining why Mr. Kahn's Form I-526 Petition had yet to be acted upon.  Senator Nelson's office contacted USCIS, and the agency responded that Mr. Kahn's application was "currently being reviewed by an IPO Economist."  No explanation or detail was offered as to why the review had taken so long, why the Petition was only then being reviewed by an IPO Economist, when the economist's review would be completed, or whether any steps remained beyond the economist's review.

34.     In March 2016, Mr. Kahn, though counsel, again sought clarification as to the status of his Petition.  USCIS again responded that the Petition remained pending with the IPO.

35.     In early May 2016, Mr. Kahn submitted additional information, without prompting by USCIS, which again demonstrated why his petition stood ready for immediate approval.

36.     On May 18, 2016, USCIS approved the exemplar for the Mount Snow Project based on the very same comprehensive evidence that has been provided in Mr. Kahn's case.  The approved economic analysis and job creation methodology, along with the business plan and other supporting documents, are identical.

37.     In late May and early June, Mr. Kahn again inquired as to the status of his Petition.  He further notified USCIS of the approval of the Mount Snow Project exemplar and asked for a timeline as to when USCIS would issue a decision on his Petition.  USCIS again responded only that his Petition "is currently pending with the Immigrant Investor Program Office."

38.     USCIS further indicated, in response to Mr. Kahn's request, that it was still attempting to locate the materials Mr. Kahn submitted (on his own accord) in early May 2016.

39.     Despite further requests from Mr. Kahn for a specific and reasonable timeline for adjudication of his Petition, USCIS has refused to provide any additional information.

40.     In sum, USCIS has: (1) not requested further information or evidence for Mr. Kahn's Petition; (2) never explained the reason for the lengthy and continuing delay; (3) not provided any indication of when the review might be completed, despite repeated requests.

41.     Mr. Kahn's Form I-526 Petition has been outstanding for over two years, a period that is significantly longer than the average processing time for such petitions.

42.     Despite repeated requests—including a request from a U.S. Senator—USCIS has not explained the reason for its lengthy delay or refusal to adjudicate Mr. Kahn's Form I-526 Petition.

43.     Upon information and belief, USCIS has no valid justification for delaying its adjudication of Mr. Kahn's Form I-526 Petition for over two years.

**VI.     Mr. Kahn and His Family Will Suffer Significant Harm if Relief is Not Granted**

44.     Mr. Kahn and Ms. Sultan have spent nearly nine years living legally in the United States.  Both of their children are U.S. citizens who have spent very little time in Mexico.

45.     Mr. Kahn and Ms. Sultan have paid taxes during their time in the U.S.  Mr. Kahn has successfully expanded trade partnerships between the U.S. and Mexico through his business ventures.  However, the lengthy and unreasonable delays in the EB-5 visa process have created significant uncertainty for Mr. Kahn, which has caused him to forego attractive investment opportunities that could create U.S. jobs.  Mr. Kahn cannot seek out domestic business and investment opportunities while his EB-5 visa petition remains in limbo, but if the petition were approved, he could be working to stimulate the U.S. economy.  The Defendants' delay has deprived Mr. Kahn and Ms. Sultan of the myriad privileges that accompany conditional permanent resident status in the United States, including the ability to become a permanent resident.  *See* 8 U.S.C. § 1186b.

46.     If USCIS continues to unreasonably delay by failing to adjudicate Mr. Kahn's Form I-526 Petition, Mr. Kahn and his family may be forced to move to Mexico upon expiration of his E-1 visa on June 29, 2016, if that visa is not timely extended.  This would work a significant hardship on Mr. Kahn's young children, two U.S. citizens who are currently enrolled in U.S. schools in Florida, and who have almost no experience with Mexico.  But if Mr. Kahn

and Ms. Sultan are unable to remain in the U.S., their children would need to emigrate with their parents to Mexico.  Moreover, Ms. Sultan is currently enrolled in culinary school in Florida and is not expecting to graduate until August 2017.  Forcing her to cut her studies short based on the agency's unreasonable delay in adjudicating Mr. Kahn's EB-5 visa petition would also cause significant hardship.

47.     Mr. Kahn has no other adequate remedy available to him other than filing the instant complaint.

## CLAIMS FOR RELIEF

### COUNT ONE
### ADMINISTRATIVE PROCEDURE ACT
### (Against All Defendants)

48.     The allegations contained in paragraphs 1 through 47 above are incorporated as though fully set forth herein.

49.     Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time."  *See* 5 U.S.C. § 555(b)("With due regard for the convenience and necessity of the parties . . . and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added).

50.     "Agency action" covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*."  5 U.S.C. § 551(13) (emphasis added).

51.     The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action.  5 U.S.C. § 702.

52.     When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law."  *Id.* § 706(2)(A), (C), (D).

53.     USCIS, acting through Defendants, has a clear, mandatory duty to adjudicate petitions from immigrant investors like Mr. Kahn and issue visas when the requirements have been satisfied.  *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas *shall* be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise.") (emphasis added); 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case . . . the [Commissioner] *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made . . . is eligible for preference under [8 U.S.C. § 1153(b)], *approve the petition*.") (emphasis added); 8 C.F.R. § 204.6(k).  *See Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003).

54.     Mr. Kahn complied with all the requirements for approval of his Form I-526 Petition when it was filed in May 2014.  *See* 8 C.F.R. § 204.6.

55.     Since that time, USCIS has unreasonably withheld, and unlawfully and unreasonably delayed, acting on Mr. Kahn's Petition in violation of the INA and APA.

56.     USCIS has abused its discretion and acted in an arbitrary and capricious manner by failing to adjudicate Mr. Kahn's Form I-526 Petition within a reasonable time, contrary to Congress's explicit mandate to the agency set forth in the INA and APA.

57.     Mr. Kahn has a clear right to have his petition adjudicated and has no other adequate legal remedy available to him.  The Defendants' delay has deprived Mr. Kahn of the myriad privileges that accompany conditional permanent resident status in the United States, including the ability to become a permanent resident.  *See* 8 U.S.C. § 1186b.

58.     Mr. Kahn has no other adequate remedy available to him other than filing the instant complaint.

59.     Mr. Kahn therefore seeks an order compelling USCIS to act, within 15 days, on his pending Form I-526 Petition, which has been and remains in a condition supporting immediate approval.

## COUNT TWO
## MANDAMUS ACT
### (Against All Defendants)

60.     The allegations contained in paragraphs 1 through 59 above are incorporated as though fully set forth herein.

61.     Mr. Kahn seeks a writ of mandamus to compel Defendants officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

62.     USCIS, acting through Defendants, has a mandatory duty to adjudicate Mr. Kahn's Form I-526 Petition within a "reasonable time" under the INA and APA.

63.     USCIS has unlawfully and unreasonably delayed in adjudicating Mr. Kahn's Form I-526 Petition despite Mr. Kahn's petition being in a condition supporting immediate approval.

64.     Mr. Kahn therefore seeks an order compelling USCIS to adjudicate his Form I-526 Petition without further delay and within 15 days.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court:

1. Issue a writ of mandamus compelling Defendants to perform their duty to adjudicate Mr. Kahn's Form I-526 Petition within 15 days;

2. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Mr. Kahn's Form I-526 Petition to be in direct violation of the Administrative Procedures Act and the Immigration Nationality Act;

3. Issue an award to Mr. Kahn of attorney's fees and costs; and

4. Grant such other relief as is just and proper.

Dated: June 14, 2016

Respectfully submitted,

/s/ William A. Davis
William A. Davis (D.C. Bar #422108)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Ave., N.W.
Washington, D,C, 20004
Telephone: (202) 434-7300
Facsimile: (202) 434-7400
wadavis@mintz.com

Laurence A. Schoen (*pro hac vice* applic. forthcoming)
Geoffrey Friedman (*pro hac vice* applic. forthcoming)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 348-1764
Facsimile: (617) 542-2241
lschoen@mintz.com
gfriedman@mintz.com

47530448v.8